OPINION OF THE COURT
Robert C. Williams, J.
Defendant Club Car, Inc., moves by order to show cause for an order staying the further proceeding of this action. Defendants, Brue Dan Corp., S & H Grossingers, Inc., and Grossingers Realty Corporation, join in the application for a stay.
Defendant Johns-Manville Corporation filed a petition for reorganization pursuant to chapter 11 on August 26, 1982. Notice of this was disbursed to the parties herein and they have apparently conducted themselves so as to effectuate the automatic stay provisions of the bankruptcy law. *152 This State matter was given a day certain for trial. In response, movant, by order to show cause with a stay, seeks an order granting a stay pending the determination of the bankruptcy proceeding.
The automatic stay provision provides in pertinent part that the filing of a petition:
“operates as a stay, applicable to all entities of
“(1) the commencement or continuation * * * of a judicial * * * proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title”. (US Code, tit 11, § 362, subd [a].)
The statute clearly prohibits plaintiffs’ causes of action to continue as against the debtor, Johns-Manville Corporation, but nothing in that statute precludes this case from going forward as against the solvent codefendants (Lynch v Johns-Manville Sales Corp., 710 F2d 1194; Gold v Johns-Manville Sales Corp., 723 F2d 1068; Austin v Unarco Inds., 705 F2d 1; Williford v Armstrong World Inds., 715 F2d 124; Wedgeworth v Fibreboard Corp., 706 F2d 541; Pitts v Unarco Inds., 698 F2d 313).
To conclude otherwise would permit a solvent codefendant to use the statute as a shield which was created to protect, not them but, primarily, the debtor and secondarily, the creditors of the debtor. Neither the statute itself, nor its legislative history lend support to the proposition that this court is precluded from adjudicating the liabilities of the solvent codefendants.
The factual scenario presented is not one where the liabilities of the parties and the facts are so interwoven as to render meaningless or futile further litigation without the participation of the debtor.
The defendants are allegedly joint tort-feasors, severally and jointly liable. As such, they are not necessary parties without whom the court cannot proceed.
The court would sever the claims and cross claims against the debtor but, first, must determine the effect of a release. After the filing by Johns-Manville of the petition *153 for reorganization plaintiff released Johns-Manville for the sum of $1.
The filing of the petition operates as a stay of all entities of a continuation of a judicial proceeding against a debtor. The statute proscribes any act to obtain property of or from the estate of the debtor. The stay, in effect, proscribes any entity from taking any further steps in any pending litigation which would require the surrendering of property by the debtor. The release executed by plaintiffs in consideration of $1 is contrary to the stay and accordingly is of no consequence.
Movant attacks the release as not being executed in good faith so as to release Johns-Manville from the cross claims of the codefendants pursuant to subdivision (b) of section 15-108 of the General Obligations Law.
At first blush the release of a potential joint tort-feasor for the sum of $1 would seem to evidence a lack of good faith. The good-faith requirement, though, is to assure that the injured party will not collusively release one wrongdoer for a small amount in return for the promise of that wrongdoer to cooperate improperly with the injured person in an attempt to extract from the remaining wrongdoers more than the equitable share of the damages attributable to them. The requirement permits the court to determine whether the transaction was collusive (Twentieth Ann Report of NY Judicial Conference, 1975, p 226).
Keeping in mind the purpose of the good-faith requirement, the court notes that there is no evidence in the record before it, other than the $1 consideration itself, to indicate any collusive intent between plaintiffs and JohnsManville.
On the contrary, plaintiffs’ attorney indicates that he has discovered that the factual predicate upon which he based Johns-Manville’s liability, i.e., that defendant manufactured the defective golf cart which inflicted the injury, does not exist. Rather, defendant Club Car, Inc., is the manufacturer. If in fact this be so, the court cannot conclude that releasing for $1 a defendant who has no liability is anything but a gesture made in good faith.
Indeed, this court might not conclude that plaintiffs’ release of Johns-Manville for $1 solely for the purpose of *154 freeing themselves of the automatic stay would not be an act done in good faith within the meaning of subdivision (b) of section 15-108 of the General Obligations Law. “Because a settlement by one tortfeasor always benefits the remaining tortfeasors by reducing their liability at least by the amount of the settlor’s equitable share, there is no need for the remaining tortfeasors to claim contribution from the settlor” (Twentieth Ann Report of NY Judicial Conference, 1975, pp 225-226).
Absent a showing of collusion between the injured parties and the settlor, the release of a tort-feasor works no disadvantage to the other tort-feasors. Rather, settling with a tort-feasor for an amount well below the apparent degree of that tort-feasor’s fault will work to the plaintiff’s disadvantage. Accordingly, the conclusion to be reached is that, absent collusion, plaintiff has no economic reason to settle with a tort-feasor for substantially less than a good-faith sum.
Accordingly, absent collusion not apparent on this record, the release was executed in good faith.
This court previously ordered certain discovery, but because of the automatic stay the discovery did not take place. Now that this court has determined it appropriate to sever all the claims and cross claims against Johns-Man-ville, the discovery process can go forward. Defendant Club Car, Inc., should not be prejudiced by the stay nor should it be prejudiced by the fact that it was not named as a defendant until after some discovery was conducted. Club Car, Inc., has not waived any right to discovery.
Plaintiff is directed to submit to a physical examination to a doctor of Club Car, Inc.’s choice within 20 days of the date of the order to be entered hereon, with notice of entry. The cost of the examination and travel, if any, outside the County of Sullivan shall be borne by the movant.
Examinations before trial of defendant S & H Grossingers, Inc., Grossingers Realty Corporation and Robert Dibble shall be conducted at the Sullivan County Courthouse and completed within 30 days of the date of the order to be entered hereon, with notice of entry.
These directions are not inconsistent with prior directions of the court, so pursuant to its broad discretionary *155 authority the court has the power to reschedule these discovery proceedings.
The stay contained in the order to show cause is vacated. The motion for a stay is denied.
The claims and cross claims against Johns-Manville are severed.
Discovery is to be conducted.