■ TAPSCOTT FOOD CORP. et al., Appellants-Respondents, v DOVER INSURANCE COMPANY et al., Defendants, and LINCOLN INSURANCE COMPANY, Respondent-Appellant, and ENNIA INSURANCE COMPANY et al., Respondents. — Order, Supreme Court, New York County (Shorter, J.), entered September 28, 1983, which, *inter alia,* denied, without prejudice, plaintiffs' motion to sever defendant Dover from the action, unanimously modified, on the law and the facts and in the exercise of discretion, with costs and disbursements to plaintiff, and the motion granted; except as thus modified, the order is affirmed.

On February 8, 1983, after joinder of issue, an order of conservation was entered placing defendant Dover, one of at least six insurers sued in this action for damages sustained as a result of a supermarket fire, under the control of the Superintendent of Insurance of the State of New York, and staying indefinitely all actions and proceedings against it. Plaintiffs thereupon moved for a severance of the action against Dover, arguing that without the grant of such relief the action could not proceed against the other defendants and that, as a result, the action would be delayed for an indefinite period to the severe detriment of plaintiffs. Special Term denied the motion on the ground that all the issues should be resolved in one trial. While we agree that single-trial issue resolution is preferable it is plainly impractical in the circumstances presented, and severance should have been granted. Unless plaintiffs discontinue against Dover, which, obviously, they are unwilling to do, the conservation order's stay of all actions against Dover has the practical effect of staying this action indefinitely. Contrary to defendants' arguments, they will not be substantially prejudiced by severance. Dover is not an indispensable party. No cross claims are interposed against it and it, in turn, has asserted none. The excess insurer, Lincoln, whose policy is subject to the same warranties, terms and conditions as Dover's primary policy, is free to raise any defense Dover could have. Moreover, its liability is not dependent upon the collectibility of Dover's primary policy limits. On the other hand, the defendant coinsurers will, no doubt, do their best to demonstrate that Dover, which has the lion's share of the risk, i.e., $500,000, is liable for the full amount, thereby limiting their respective exposures under the pro rata liability clause of the standard fire policy. Lincoln's cross motion for a stay of this action was properly denied. Hence, we modify. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.