■ COUNTY OF CHENANGO INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants-Respondents, et al., Plaintiff, v LOCKWOOD GREENE ENGINEERS, INC., et al., Respondents, and W. R. GRACE & COMPANY, Respondent-Appellant, et al., Defendants. — Harvey, J. (1) Cross appeals from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered September 11, 1984 in Chenango County, which, *inter alia,* denied a motion by plaintiffs County of Chenango Industrial Development Agency and Morton-Norwich Products, Inc., for an order severing claims and cross claims asserted against defendant Johns-Manville Sales Corporation and partially granted a cross motion by defendant Lockwood Greene Engineers, Inc., for discovery relating to the claimed interest of plaintiff Norwich Eaton Pharmaceuticals, Inc., in this litigation, and (2) appeal from that part of an order of said court, entered March 12, 1984 in Chenango County, which, *inter alia,* denied a motion by defendant W. R. Grace & Company to dismiss those portions of the complaint seeking damages alleged to be caused by heat loss.

Plaintiff County of Chenango Industrial Development Agency (Chenango IDA) entered into an agreement with plaintiff Morton-Norwich Products, Inc. (Morton), whereby Morton leased a parcel of real property in Chenango County for the purpose of constructing a pharmaceutical manufacturing plant. Following

construction, problems developed with the roof of the structure. Plaintiffs commenced the instant action in June 1978 against the six defendants, claiming a substantial amount in damages as a result of the alleged defects in the roof's design and construction, including the type and quality of the materials used. In their third amended complaint, plaintiffs assert 16 causes of action, based on breach of contract, breach of express and implied warranty, negligence and strict liability.

The primary issue on appeal arises from the fact that, on August 26, 1982, defendant Johns-Manville Sales Corporation (Manville) filed a petition for reorganization pursuant to chapter 11 of the Federal bankruptcy laws. As a result, an automatic stay went into effect prohibiting the commencement or continuation of any judicial proceeding against the defendant debtor (11 USC § 362 [a]). On March 2, 1984, plaintiffs Chenango IDA and Morton (hereinafter plaintiffs) moved for severance pursuant to CPLR 603 as to all claims asserted against Manville. Special Term denied severance, and plaintiffs appeal that decision.

CPLR 603 provides, in pertinent part, that a court may order severance "[i]n furtherance of convenience or to avoid prejudice". The decision is one which rests soundly in the discretion of the trial court and, on appeal, will be affirmed absent a demonstration of abuse of discretion or prejudice to a substantial right (*Morford v Sulka & Co.*, 79 AD2d 502; *Metro Envelope Corp. v Westvaco*, 72 AD2d 502). On the facts and circumstances present herein, we find no such abuse or prejudice.

All defendants either participated in planning, constructing or supplying the materials for the construction of the new plant. The parties have expended a substantial amount of time and money in preparing their cases and pursuing, or opposing, discovery procedures, a significant reason itself for denying severance (*Huttick v Biograph Realty Corp.*, 37 AD2d 597). Further, the trial of this action is expected to take many weeks and a second trial, if required, would be expected to take as long. The Justice at Special Term who denied severance has handled all of the pretrial motions and is intimately familiar with the numerous interrelated issues and the course of progress of the instant action. Not insignificant is the fact that plaintiffs have not alleged the existence of a financial situation so precarious as to establish that an ultimate award of money damages, with interest from the date of the wrong, would be inadequate or prejudicial to plaintiffs. In support of their motion, plaintiffs have cited numerous cases in which severance of claims against Manville have been granted. Those cases, however, involved personal injury actions where, obviously, a delay would have been prejudicial to the plaintiffs.

Courts, in exercising their discretion, should grant severance sparingly. This is particularly true where complex issues are intertwined. In such cases, it would be better not to fragment trials, but to facilitate one complete and comprehensive hearing and determine all the issues involved between the parties at the same time (*Shanley v Callanan Indus.*, 54 NY2d 52, 57). Thus, as this court noted in *Taylor & Jennings v Bellino Bros. Constr. Co.* (57 AD2d 42), where there is an intricate involvement and interdependency of the various activities and decisions made by the multiple defendants, complete relief can be properly granted only by foregoing severance.

Plaintiffs also moved to add a party plaintiff, which was granted by Special Term. There was no abuse of discretion in doing so, because the record clearly establishes that the added party, Norwich-Eaton Pharmaceuticals, Inc. (Eaton), is a party in interest (*see,* CPLR 3025 [b]; *Titsworth v Mondo,* 95 Misc 2d 233, 245). There is also no demonstrable prejudice to defendants by permitting the addition of Eaton.

The second appeal before us primarily involves discovery issues. Defendants W. R. Grace & Company (Grace) and Lockwood Greene Engineers, Inc. (Lockwood) sought an order permitting entry upon plaintiffs' lands for purposes of inspecting and testing the plant's roofing materials and construction. Special Term properly granted those motions and imposed certain guidelines designed to prevent duplicity. Lockwood also sought to depose plaintiffs' expert, an architectural firm hired to supervise the replacement of the roof and to advise plaintiffs for litigation purposes. The motion was denied. Since what Lockwood sought to obtain was material prepared by plaintiffs' expert for possible use at trial, Special Term's decision was proper (CPLR 3101 [d] [1]). There is nothing in the record to indicate that Lockwood is entitled to any information which cannot be obtained from a representative of plaintiffs. Thus, Lockwood's motion to depose plaintiffs' expert was properly denied (*Nagel v Metzger,* 96 AD2d 738).

Addressing ourselves to the appeals from Special Term's other rulings on discovery matters, we find that the appealing parties have failed to establish any abuse of discretion or any error on the part of Special Term (*see, Oppenheimer v Shubitowski,* 92 AD2d 1021, 1021-1022, *appeal dismissed* 59 NY2d 970).

Finally, defendants Grace and Lockwood made cross motions to preclude plaintiffs from offering any evidence at trial as to their purported claim for damages as a result of the loss of heat caused by alleged defects in the roofing system. The motions were predicated on the ground that the complaint failed to

allege such a claim. Special Term denied the motions, but granted additional discovery as to the heat loss claim. This was proper because a claim for damages due to loss of heat is one which would "naturally result" from, be "traceable to and the probable necessary result of" plaintiffs' allegations in their complaint regarding defects in the installation and material used in the roof insulation (36 NY Jur 2d, Damages, § 10, at 24-25). Accordingly, such damages need not be specifically pleaded. Grace and Lockwood were aware of plaintiffs' heat loss claim and they may not now urge surprise or prejudice since they had an ample opportunity for additional discovery on that portion of plaintiffs' claim. Thus, we find that Special Term properly denied their motions (*see generally,* CPLR 3015, 3017 [a]; 3025, 3026; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23-24).

Orders affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.