■ WAYNE LOTTES et al., Respondents, v DONALD J. SLATER, Appellant, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered October 12, 1984 in Sullivan County, which granted plaintiffs' motion for a severance of all claims against defendant Johns-Manville Corporation.

On July 9, 1979 plaintiff Wayne Lottes (plaintiff) was struck by a golf cart, driven by defendant Donald J. Slater (Slater), while plaintiff was playing golf on the premises of the Concord

Hotel (Concord). The golf cart was rented from Concord, supplied by defendant Brue Dan Corporation, and manufactured by defendant Johns-Manville Corporation (Johns-Manville) and/or defendant Club Car, Inc. Plaintiff served a summons and complaint, dated June 14, 1982, on the various defendants. Subsequently, on August 26, 1982, Johns-Manville filed for reorganization under Bankruptcy Act chapter 11 which, pursuant to 11 USC § 362 (a), resulted in an automatic stay of all proceedings against Johns-Manville.

By motion dated August 31, 1984, plaintiffs moved to sever the claims of all parties in the action against Johns-Manville. By order dated October 9, 1984, the application was granted and all claims and cross claims asserted against Johns-Manville were severed. The various defendants opposed plaintiffs' application, and Slater appeals from the order.

Slater asserts that Special Term abused its discretion in granting the severance in that: (1) Johns-Manville is an indispensible party to this action; (2) Slater will be substantially prejudiced as the issue of Johns-Manville's share of liability and Slater's right to contribution will not be litigated until the bankruptcy proceeding is completed; and (3) this will result in duplicitous litigation, and there may be inconsistent verdicts.

We disagree. Johns-Manville's status in this action is as a joint tort-feasor and, as such, Johns-Manville is not an indispensible party to this action (Hecht v City of New York, 60 NY2d 57, 62). Accordingly, reversal would be required only if granting the severance was an abuse of discretion (Shanley v Callanan Indus., 54 NY2d 52, 57). Here, the severance was granted on the ground that, otherwise, plaintiffs would be unduly prejudiced if required to await the conclusion of lengthy and complex reorganization proceedings before obtaining any remedy. Such delay, even when likely to be less indefinite and lengthy than here, has been held a sufficient basis for granting a severance (Marine Midland Bank v Berley, 90 AD2d 646, 647). The Federal courts have generally held that the balance of the equities lies with plaintiffs when one defendant has received an automatic stay pursuant to 11 USC § 362 (a) and codefendants request a stay of the entire action (see, Gold v Johns-Manville Sales Corp., 723 F2d 1068, 1076; Lynch v Johns-Manville Sales Corp., 710 F2d 1194, 1196). In Gold v Johns-Manville Sales Corp. (supra, p 1076), the court stated that the "damage to the plaintiffs is the hardship of being forced to wait for an indefinite * * * time before their causes are heard * * * The defendants may be seriously

inconvenienced by the resumption of the actions against them * * * however, the balance of the hardship weighs in favor of the injured plaintiffs". New York cases are in accord, where actions against codefendants are subject to automatic stays pursuant to the bankruptcy law *(Friend v Dibble,* 124 Misc 2d 151, 152; *Courtney v Brooklyn & Queens Allied Oil Burner Corp.,* 112 Misc 2d 89, 91; *Pennell v Johns-Manville Sales Corp.,* Sup Ct, Albany County, Jan. 20, 1983, Hughes, J.).

Slater's claim that he will be substantially prejudiced is without merit. He may be inconvenienced but, if the severance is vacated, an undue hardship in delay will be visited upon plaintiffs, who have already been delayed for six years. If plaintiffs prevail, Slater will be able to seek contribution from Johns-Manville once the bankruptcy proceeding against Johns-Manville is completed. That the severance will result in multiple litigation is "a direct byproduct of bankruptcy law. As such, the duplication to the extent it may exist, is congressionally created and sanctioned." *(Lynch v Johns-Manville Sales Corp., supra,* p 1199.)

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.