■ COUNTY OF BROOME, Appellant-Respondent, v AETNA CASUALTY & SURETY COMPANY et al., Respondents-Appellants,

and INSURANCE COMPANY OF NORTH AMERICA et al., Respondents.—Yesawich, Jr., J. Cross appeals from an order of the Supreme Court (Smyk, J.), entered May 22, 1986 in Broome County, which granted plaintiff's motion for severance.

Toxic waste problems experienced in and around a sanitary landfill owned by plaintiff, the County of Broome, generated this declaratory action brought against eight of its liability insurance carriers. Essentially, the complaint seeks to have the carriers defend and indemnify the county with respect to two pending legal proceedings, a suit against the county filed in Federal court wherein the plaintiffs seek, *inter alia*, $35,000,000 in damages allegedly sustained because of migrating wastes from the landfill, and a proceeding initiated by the State Department of Environmental Conservation pursuant to ECL article 27, title 13 which is directed at having the county clean up the landfill.

After the declaratory judgment action was commenced, the county was made aware that Transit Casualty Company (Transit), one of the defendants, had been placed in receivership by an order of the Circuit Court of Cole County, Missouri, dated December 3, 1985. In that matter Transit was determined to be insolvent and enjoined from engaging in the insurance business, including responding to the complaint in the instant action. By order of the Supreme Court, New York County, dated December 26, 1985, the State Superintendent of Insurance was appointed ancillary receiver of Transit pursuant to Insurance Law article 74. That order stayed all proceedings and actions against the company. The county then moved pursuant to CPLR 603 to sever Transit from the declaratory judgment action. That motion was granted, without costs, prompting these cross appeals.

In concluding that severance was appropriate, Supreme Court weighed the contention advanced, significantly by less than all of the defendants, that a severance is unjustified because of the nature and complexity of the relationship between the various policies of insurance—although defendants' answers are not in the record, it appears that comprehensive general liability, excess and umbrella coverage is ostensibly involved—and the compelling practical fact that the stay entered against Transit has the effect of indefinitely prolonging resolution of the county's action *(see, Tapscott Food Corp. v Dover Ins. Co.,* 109 AD2d 638). We affirm.

We are not unmindful that single-trial issue resolution is preferable *(see, Shanley v Callanan Indus.,* 54 NY2d 52, 57) and that fragmenting this action may possibly cause certain

defendants to suffer inconvenience and even perhaps some prejudice; nevertheless, there is obvious utility in the granting of a severance, for a single trial is simply impractical *(see, Lottes v Slater,* 114 AD2d 580). There being no clear abuse of judicial discretion shown, interference on our part with Supreme Court's order would be inappropriate *(see, County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 603.01).

Contrary to the county's assertions, costs were properly denied. The facts underlying this appeal do not suggest bad faith opposition on defendants' part, rendering *Matter of County of Broome v Commuter Airlines* (83 AD2d 742, *lv denied* 55 NY2d 601) inapposite.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.