■ DAVID R. KING et al., Respondents, v NORTHWAY AGEN-CIES, INC., et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 17, 1986 in Saratoga County, which granted plaintiffs' motion for severance.

In February 1982, plaintiffs commenced the instant action to recover the balance due on two promissory notes executed by defendant Northway Agencies, Inc. (Northway) and personally guaranteed by defendants Armand Garofalo and Edward J. Grogan, arising out of the purchase and sale of an insurance business. After the case was noticed for trial, Northway filed a petition for reorganization under Bankruptcy Act chapter 11, creating an automatic stay as against the corporation (11 USC § 362 [a]). Thereafter, plaintiffs' motion pursuant to CPLR 603 to sever the claims against Northway from the claims against the individual guarantors was granted, giving rise to this appeal.

Garofalo and Grogan essentially contend that since their liability is solely predicated on the liability of Northway, which issue is being contested before the Bankruptcy Court, severance was inappropriate. We disagree. As Supreme Court aptly recognized, the guarantee agreements specifically authorize plaintiffs to proceed against the guarantors without first pursuing their claims against Northway. Nor are the guarantors prejudiced in defending the severed action, for each may pursue the affirmative defense, also available to Northway in the bankruptcy proceeding, that plaintiffs breached the initial purchase and sale contract by misrepresenting the financial status of the business sold (see, Walcutt v Clevite Corp., 13 NY2d 48, 55-56; Banker's Trust Co. v Steenburn, 95 Misc 2d 967, 983). Moreover, since this action was ascended to the forefront of Supreme Court's Trial Calendar, that court could readily determine that plaintiffs would be unduly prejudiced if required to await the outcome of Northway's bankruptcy proceedings (see, Lottes v Slater, 114 AD2d 580, 581). In our view, Supreme Court acted well within its discretion in granting a severance (see, County of Broome v Aetna Cas. & Sur. Co., 126 AD2d 818; see also, Courtney v Brooklyn & Queens Allied Oil Burner Corp., 112 Misc 2d 89, 91-92).

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.