■ CENTRUST SERVICES, INC., Individually and on Behalf of 995 FIFTH AVENUE ASSOCIATES, L. P., Appellants, v GERALD GUTERMAN et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 21, 1989, which, *inter alia*, denied plaintiff's motion for a commission to take the deposition of an out-of-State nonparty, and for a default judgment against defendant 995 Fifth Avenue Corporation, upon the basis of a bankruptcy stay, is unanimously reversed, as limited by the briefs, on the law and on the facts, to the extent of vacating the stay, insofar as to allow plaintiff to proceed with the fist four causes of action of the complaint against the nonbankrupt defendants, with costs.

Mr. Gerald Guterman is the controlling shareholder and chief executive officer (CEO) of Hanover Companies Incorporated (Hanover), which wholly owns 995 Fifth Avenue Corporation (Corporation), and Mr. Guterman is also CEO of the Corporation.

In September 1985, Mr. Guterman formed 995 Fifth Avenue Associates (Partnership), which is a Delaware limited partnership, to own and operate the Stanhope Hotel (premises), which is located in New York City. Mr. Guterman planned to renovate and convert those premises into cooperative apartments, for sale to the public. Initially, the Partnership was composed of the Corporation, as the general partner, with a 1% interest and, Hanover, which was then the only limited partner, with a 99% interest.

Thereafter, in the fall of 1986, Mr. Guterman, acting on behalf of the Corporation and Hanover, offered to sell Cen-Trust Services, Inc. (CenTrust) a 49.5% limited partnership interest in the Partnership for $10,000,000. Mr. Guterman allegedly indicated that, since the Partnership needed an immediate infusion of cash, there would not be time for CenTrust to make a due-diligence review of the Partnership operations. Late in December 1986, CenTrust accepted the offer, and invested $10,000,000 in the Partnership upon the basis of certain representations and warranties about the financial soundness of the Partnership which were made by the Corporation. Further, Mr. Guterman, in writing, personally guaranteed the accuracy of those representations and warranties.

Subsequently, in January 1988, CenTrust (plaintiff) commenced an action against Mr. Guterman, the Corporation, and Hanover (defendants) for a Partnership accounting and damages. The complaint, which is based upon the allegedly false representations concerning the Partnership's affairs, alleges, in substance: fraudulent inducement against all of the defendants (cause of action No. 1); there should be a Partnership accounting against only defendants Mr. Guterman and the Corporation (cause of action No. 2); breach of the Partnership agreement against only defendants Mr. Guterman and the Corporation (cause of action No. 3); breach of personal guarantee against only defendant Mr. Guterman (cause of action No. 4); the Partnership should be dissolved against all defendants (cause of action No. 5); and a derivative action, on behalf of the Partnership, against only defendants the Corporation and Mr. Guterman, based upon their breach of fiduciary duty (cause of action No. 6).

Within a month of the service of the complaint, the Partnership filed a petition (11 USC § 1101) for voluntary reorganization in the United States Bankruptcy Court for the Southern District of New York. Following the commencement of that bankruptcy proceeding, while defendants Guterman and

Hanover filed an answer to the plaintiff CenTrust's complaint, defendant Corporation did not.

Since the Partnership was in bankruptcy, plaintiff moved to sever and stay the fifth and sixth causes of action in the complaint, which concerned the Partnership property. By order, entered June 20, 1988, the trial court granted that motion.

On or about January 23, 1989, plaintiff moved for, *inter alia,* an out-of-State deposition of a nonparty witness and a default judgment against the defendant Corporation, based upon its failure to file an answer to the complaint. Plaintiff's motion only concerned the first four causes of action of the complaint, which did not concern partnership property. Defendant Guterman opposed. The trial court denied plaintiff's motion, upon the basis that there was an automatic stay, pursuant to 11 USC § 362, of the entire action. Plaintiff appeals.

Appellate courts in this State have repeatedly held that a bankruptcy stay does not prevent a plaintiff from proceeding on causes of action against nonbankrupt defendants, which do not involve the bankrupt's property *(see, for example, Lottes v Slater,* 114 AD2d 580 [1985]; *King v Northway Agencies,* 127 AD2d 955 [1987]). Since our review of the record indicates that the first four causes of action of the complaint do not involve the bankrupt's property, we find that the trial court erred in staying the entire action.

Accordingly, we reverse and vacate the stay insofar as to permit the plaintiff to proceed with the four causes of action of the complaint against the nonbankrupt defendants. Concur —Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.