■ MARY ROSENBAUM et al., Respondents, v DANE & MURPHY, INC., et al., Defendants, and ALLIED VAN LINES, INC., et al., Appellant. (And Nine Related Actions.)—In related actions to recover damages, *inter alia,* for fraud, negligence, and breach of contract, the defendant Allied Van Lines, Inc. appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated February 22, 1991, as denied its motion for a stay of the action by virtue of the bankruptcy of the codefendant Dane & Murphy, Inc., and granted the motion of the plaintiffs Mary and Elliott Rosenbaum to sever so much of the complaint in Action No. 1 as is asserted against Dane & Murphy, Inc., and (2) from so much of an order of the same court, dated August 20, 1991, as, upon renewal, adhered to the prior determination.

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

These actions arise from losses incurred when a fire destroyed property of the plaintiffs which was stored in a Nassau County warehouse operated by the defendant, Dane & Murphy, Inc. (hereinafter Dane & Murphy), which allegedly was the agent, servant, and/or employee of the defendant Allied Van Lines, Inc. (hereinafter Allied). The first action, brought by Mary and Elliott Rosenbaum, was stayed automatically against Dane & Murphy when it filed for bankruptcy protection. Thereafter, the Rosenbaums moved to consolidate this action with nine similar actions brought by others and to sever the claims against Dane & Murphy. Allied cross-moved for a stay pending resolution of the bankruptcy proceedings, asserting that it would be prejudiced by the absence of Dane & Murphy. In an order dated February 22, 1991, the Supreme Court denied the stay, directed a joint trial of the actions, and granted the severance of so much of the complaint in Action No. 1 as is asserted against Dane & Murphy. Subsequently, the bankruptcy court granted Dane & Murphy a partial lifting of the stay so that it could pursue a declaratory judgment action against its insurance company, wherein it sought a declaration that the insurance company had wrongfully denied coverage on the warehouse and was obligated to defend

and indemnify Dane & Murphy in all actions arising from the fire. Allied then moved to renew its motion for a stay of the action. Upon granting renewal, the court adhered to its prior ruling, without prejudice to renew upon resolution of the declaratory judgment action.

The automatic stay provisions of the Federal bankruptcy laws do not extend to non-bankrupt codefendants *(see, Lynch v Johns-Manville Sales Corp.,* 710 F2d 1194). Therefore, it is in the discretion of the court to grant a severance *(see,* CPLR 603; *King v Northway Agencies,* 127 AD2d 955; *County of Broome v Aetna Cas. & Sur. Co.,* 126 AD2d 818), as well as a stay *(see,* CPLR 2201; *Houston v Trans Union Credit Information Co.,* 154 AD2d 312). We find that it was not an improvident exercise of discretion for the court to deny Allied's motion for a stay and grant the plaintiffs' motion severing Dane & Murphy from Action No. 1.

It has been generally held that "the balance of the equities lies with plaintiffs when one defendant has received an automatic stay pursuant to 11 USC § 362 (a) [the bankruptcy law] and codefendants request a stay of the entire action" *(Lottes v Slater,* 114 AD2d 580, 581; *see also, Gold v Johns-Manville Sales Corp.,* 723 F2d 1068; *Williford v Armstrong World Indus.,* 715 F2d 124). Such is the case here, as the plaintiffs would suffer an undue hardship if the stay were granted. Moreover, contrary to the appellant's contention, Dane & Murphy is not an indispensable party, and further litigation without it would not be futile or meaningless *(see, County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508; *Friend v Dibble,* 124 Misc 2d 151). We also note that Dane & Murphy has no plans to reorganize and apparently will emerge from the bankruptcy proceedings without any assets. In addition, the fact that Dane & Murphy is pursuing a declaratory judgment action against its insurer does not support a denial of the severance motion or warrant a stay on behalf of Allied at this juncture.

We have considered Allied's remaining contention and find it to be without merit. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.