■ SHARON GOLDEN, Respondent, v GARY MOSCOWITZ et al., Appellants, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants. [598 NYS2d 522] —Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about November 12, 1992, which denied defendants' motion to stay the action pending conclusion of the bankruptcy proceedings against defendant Multigas Distributors, Ltd. and granted plaintiff's cross motion to sever Multigas from the action, unanimously affirmed, with costs.

"Appellate courts in this State have repeatedly held that a bankruptcy stay does not prevent a plaintiff from proceeding on causes of action against nonbankrupt defendants, which do not involve the bankrupt's property" *(CenTrust Servs. v Guterman,* 160 AD2d 416, 418; *see also, King v Northway Agencies,* 127 AD2d 955; *Lottes v Slater,* 114 AD2d 580). Here, the

guarantees of the contract between plaintiff and Multigas by the individual defendants-appellants were absolute and unconditional. Discovery had been completed and the case was ready to go to trial at the time the bankruptcy petition was filed. Under such circumstances, the prejudice to plaintiff in being "required to await the conclusion of lengthy and complex reorganization proceedings before obtaining any remedy" outweighs any potential inconvenience to the defendants. *(Lottes v Slater, supra,* at 581.) Accordingly, the IAS Court did not abuse its discretion in severing the action against the bankrupt party *(see,* CPLR 603; *Feldstein v Greater N. Y. Councils,* 16 AD2d 771). Concur—Rosenberger, J. P., Wallach, Ross, Kassal and Nardelli, JJ.