■ ARLENE TORRE, Respondent, v FAY'S, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. GRAND UNION

Company, Third-Party Defendant-Appellant. [686 NYS2d 526] —Graffeo, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 24, 1998 in Rensselaer County, which, *inter alia*, denied third-party defendant's motion for severance of the third-party claims against it.

Plaintiff commenced this negligence action seeking to recover for personal injuries she sustained when she allegedly slipped and fell on October 26, 1991 in a parking lot located in a shopping center containing several businesses, including a grocery store owned by third-party defendant, Grand Union Company. During the pendency of the action, Grand Union filed for chapter 11 bankruptcy protection which triggered the automatic stay of all judicial proceedings against it (*see,* 11 USC § 362 [a]). Although plaintiff's action against Grand Union was dismissed, the codefendants' cross claims against Grand Union remained viable.[1] Grand Union moved for an order converting the cross claims against it into third-party claims and sought a severance of these claims from the main action. Only one party, defendant Lloyd's Shopping Center, Inc., opposed the motion and did so on the ground of judicial economy. Supreme Court granted the motion converting the cross claims into third-party claims but denied the request for severance. The court also noted that Grand Union still had the opportunity to conduct discovery prior to trial.

Grand Union now appeals[2] contending that it should not be forced to conduct discovery and participate in the trial. We agree. Pursuant to 11 USC § 362 (a), the commencement or continuation of any judicial proceeding against Grand Union is foreclosed while the automatic stay is in effect. Because there is no indication in the record that the bankruptcy stay has been lifted, Grand Union is not required to participate in discovery or the trial (*cf., In re Penn-Dixie Indus.*, 6 Bankr 832; *Bonded Concrete v Audino*, 244 AD2d 647).

However, it is well settled that the automatic bankruptcy stay does not apply to nonbankrupt defendants and, therefore, this case may proceed against the codefendants (*see, Maynard v Fuller Co.*, 236 AD2d 300; *Golden v Moscowitz*, 194 AD2d 385; *Rosenbaum v Dane & Murphy*, 189 AD2d 760). Under

1. The action was dismissed against Grand Union due to plaintiff's failure to timely file a proof of claim within the context of the bankruptcy proceeding. However, Supreme Court refused to dismiss the codefendants' cross claims against Grand Union because they were not served with notice regarding the proof of claim deadline.

2. Grand Union is the only party which has taken a position on this appeal.

these circumstances, where an automatic stay remains in effect and the trial court has indicated that the trial shall proceed, we conclude that severance of the third-party action at this juncture is appropriate (*see*, *Rosenbaum v Dane & Murphy*, *supra*, at 761; *Santos v Sure Iron Works*, 166 AD2d 571; *Lottes v Slater*, 114 AD2d 580, 581-582). Significantly, no evidence was presented by any party demonstrating that a severance would result in prejudice (*see*, *Lottes v Slater*, *supra*, at 582).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much as denied third-party defendant's motion for severance of the third-party action; motion for severance granted; and, as so modified, affirmed.