(November 20, 2001)

■ BILAL KHARMAH, Respondent, v METROPOLITAN CHIROPRACTIC CENTER et al., Defendants, and EDDY J. BAPTISTE et al., Appellants. [733 NYS2d 165] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 3, 2001, which granted plaintiff's motion to sever the action as against the bankrupt defendant chiropractor and his clinic (the chiropractic defendants), unanimously modified, on the law, to provide for preservation of appellants' CPLR article 16 equitable share allocation rights, and otherwise affirmed, without costs.

On May 20, 1996, plaintiff was treated by the chiropractic defendants for pain in his back. He alleges that these defendants performed contraindicated spinal manipulations and muscle massage. The next day, still in severe pain, he went to the emergency room at Presbyterian Hospital. He alleges that while at the hospital, doctors failed to properly make an initial diagnosis and properly treat his herniated or ruptured disc. Plaintiff also alleges that medical personnel failed to timely order an MRI and properly perform a hemilaminotomy and discectomy. As a result, plaintiff was hospitalized for over two months, is confined to a wheelchair, and suffers additional physical and psychological injuries. After discovery but prior to trial, the chiropractic defendants filed for chapter 7 bankruptcy; they did not have professional liability insurance for the period in question. Plaintiff moved to sever the action against the bankrupt parties, and to obtain permission to proceed to trial against the remaining defendants. The IAS Court granted the motion.

This was a proper exercise of discretion. Granting a severance pursuant to CPLR 603 will prevent any prejudice to plaintiff stemming from delay preceding termination of the chiropractic defendants' bankruptcy proceedings (*Golden v Moscowitz*, 194 AD2d 385). However, while the bankrupt defendants will not participate in the trial, equity requires that defendants-appellants have the benefit of CPLR article 16 rights, even though there is an automatic stay by virtue of the bankruptcy (*see, Duffy v County of Chautauqua*, 225 AD2d 261,

267, *lv dismissed* 89 NY2d 980). In accordance with the purpose of CPLR article 16, if the defendants-appellants' culpability is 50% or less, their exposure for non-economic damages should be limited proportionately to their share of fault. Concur— Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.