■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ANTHONY TANCREDI et al., Appellants, v A.C.& S., INC., et al., Respondents. [775 NYS2d 520]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about November 26, 2002, which, to the extent appealed from as limited by the briefs, granted defendants' motion for declaratory relief while denying plaintiffs' cross motion for declaratory relief, unanimously affirmed, without costs.

A New York State court does not lack jurisdiction over a tortfeasor in bankruptcy. Notwithstanding the automatic stay resulting from bankruptcy, the tortfeasor is not exempt from consideration of damages under CPLR article 16. To the extent that such entity's culpability is 50% or less, exposure for noneconomic damages can still be calculated in apportioning liability (*Kharmah v Metropolitan Chiropractic Ctr.*, 288 AD2d 94 [2001]; *see also Duffy v County of Chautauqua*, 225 AD2d 261, 266-267 [1996], *lv dismissed* 89 NY2d 980 [1997]). The issue of personal jurisdiction over such an entity, under CPLR 1601 (1), must be resolved on the facts of each case, and not simply on whether or not the tortfeasor is bankrupt.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.