■ ARTHUR RAPINI et al., Respondents, v NEW PLAN EXCEL REALTY TRUST, INC., Appellant, et al., Defendant. [778 NYS2d 347]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered January 30, 2003. The order granted plaintiffs' motion to sever the claims and cross claims against defendant KMart Corporation from those asserted against defendant New Plan Excel Realty Trust, Inc. in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We conclude that Supreme Court properly granted plaintiffs' motion to sever the claims and cross claims against defendant KMart Corporation (KMart) from those asserted against defendant New Plan Excel Realty Trust, Inc.

(New Plan). Plaintiff Arthur Rapini was 83 years of age at the time he was injured in a slip and fall accident near a store leased to KMart at a mall owned by New Plan. KMart filed for bankruptcy protection after this personal injury action was commenced and received an automatic stay of all proceedings pending against it (*see* 11 USC § 362 [a]). Pursuant to CPLR 603, plaintiffs moved to sever the claims and cross claims against KMart. The decision whether to grant severance "rests soundly in the discretion of the trial court and, on appeal, will be affirmed absent a demonstration of abuse of discretion or prejudice to a substantial right" (*County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 111 AD2d 508, 509 [1985]; *see Rosenbaum v Dane & Murphy*, 189 AD2d 760, 761 [1993]). " '[T]he balance of the equities lies with plaintiffs' " when severance is sought because the case against one defendant is stayed pursuant to 11 USC § 362 (a) (*Rosenbaum*, 189 AD2d at 761), and that is particularly so in this personal injury case "where, obviously, a delay would [be] prejudicial to the plaintiffs" (*County of Chenango Indus. Dev. Agency*, 111 AD2d at 509). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.