◼ STEVEN MOY, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Defendant, and MICHAEL G. WAYNE, Respondent. [938 NYS2d 328]—

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendants St. Vincent's Hospital and Medical Center of New York (hereinafter the hospital) and Michael G. Wayne, a physician. The hospital subsequently commenced chapter 11 bankruptcy proceedings, resulting in an automatic stay pursuant to 11 USC 362 (a) of the continuation of any action or proceeding against the hospital.

"It has been generally held that 'the balance of the equities lies with plaintiffs when one defendant has received an automatic stay pursuant to 11 USC § 362 (a) . . . and codefendants request a stay of the entire action' " (*Rosenbaum v Dane & Murphy*, 189 AD2d 760, 761 [1993], quoting *Lottes v Slater*, 114 AD2d 580, 581 [1985]; *see Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d 1013, 1014 [2004]). Here, as the prejudice to the plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to the defendants, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 603 to sever the causes of action asserted against Wayne from the causes of action asserted against the hospital (*see Weber v Baccarat, Inc.*, 70 AD3d 487, 488 [2010]; *Kharmah v Metropolitan Chiropractic Ctr.*, 288 AD2d 94 [2001]; *Golden v Moscowitz*, 194 AD2d 385, 386 [1993]; *Rosenbaum v Dane & Murphy*, 189 AD2d at 761). However, as Wayne correctly contends, equity requires that the defendants have the benefit of their rights under CPLR article 16, such that if their culpability is 50% or less, their exposure for economic damages should be limited proportionately to their share of fault (*see* CPLR 1601 [1]; *Kharmah v Metropolitan Chiropractic Ctr.*, 288 AD2d at 94-95).

Accordingly, the order appealed from must be reversed, and

the plaintiff's motion pursuant to CPLR 603 to sever the causes of action asserted against Wayne from the causes of action asserted against the hospital is granted, subject to the preservation of the defendants' equitable share allocation rights pursuant to CPLR article 16. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.