■ DAVID KATZ et al., Respondents, v MOUNT VERNON DIALYSIS, LLC, Appellant, et al., Defendants. [994 NYS2d 661]—

In an action to recover damages for negligence and medical malpractice, etc., the defendant Mount Vernon Dialysis, LLC, appeals from an order of the Supreme Court, Westchester County (Scheinkman, J.), dated October 10, 2013, which granted the plaintiffs' motion pursuant to CPLR 603 to sever the action insofar as asserted against the defendant Sound Shore Health Systems, Inc., and to direct the action to proceed against the remaining defendants.

Ordered that the order is affirmed, with costs.

The plaintiff David Katz (hereinafter the injured plaintiff) allegedly sustained injuries when he fell after being discharged from dialysis treatment performed at the dialysis center operated by the defendant Mount Vernon Dialysis, LLC (hereinafter Mount Vernon). Mount Vernon leased space for its dialysis center from the defendant Sound Shore Health Systems, Inc. (hereinafter Sound Shore). The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for negligence and medical malpractice, alleging, among other things, that the injured plaintiff was discharged from dialysis prematurely. Subsequently, Sound Shore commenced chapter 11 bankruptcy proceedings, resulting in an automatic bankruptcy

stay pursuant to 11 USC § 362 (a). Thereafter, the plaintiffs moved pursuant to CPLR 603 to sever the action insofar as asserted against Sound Shore, and to direct the action to proceed against the remaining defendants. The plaintiffs emphasized that the injured plaintiff was almost 86 years old (he has since turned 86), and claimed that any delay would be greatly prejudicial. Mount Vernon opposed the motion, observing that discovery was not complete and stating that it would be prejudiced by Sound Shore's absence from the action. The Supreme Court granted the plaintiffs' motion.

"In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others" (CPLR 603).

Where a defendant in an action files for chapter 11 bankruptcy relief, the automatic stay provisions of 11 USC § 362 (a) do not extend to the nonbankrupt defendants (*see Vasquez v New York City Health & Hosps. Corp.*, 100 AD3d 868, 869-870 [2012]; *Rosenbaum v Dane & Murphy*, 189 AD2d 760, 761 [1993]; *see also Golden v Moscowitz*, 194 AD2d 385, 385 [1993]). Therefore, in such circumstances, it is within the discretion of the trial court to direct a severance of the action as against the bankrupt defendant (*see* CPLR 603; *Rosenbaum v Dane & Murphy*, 189 AD2d at 761). Generally, the balance of the equities lies with plaintiffs when severance is sought because the case against one defendant is stayed pursuant to 11 USC § 362 (a), and that is particularly so in this personal injury action where a delay would be prejudicial to the plaintiffs (*see Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d 1013, 1014 [2004]).

Here, as the prejudice to the 86-year-old injured plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to the defendants, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 603 to sever the action insofar as asserted against Sound Shore and directing the action to proceed against the remaining defendants (*see Vasquez v New York City Health & Hosps. Corp.*, 100 AD3d at 870; *Moy v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 92 AD3d 651, 652 [2012]; *Rapini v New Plan Excel Realty Trust, Inc.*, 8 AD3d at 1014; *Kharmah v Metropolitan Chiropractic Ctr.*, 288 AD2d 94, 94 [2001]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.