Vogric v Pathmark Stores, Inc. (2019 NY Slip Op 01447)





Vogric v Pathmark Stores, Inc.


2019 NY Slip Op 01447


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-00545
 (Index No. 600145/14)

[*1]William Vogric, appellant, 
v
Pathmark Stores, Inc., et al., defendants, Peterman Associates, Inc., respondent (and a third-party action).


Hallock & Malerba, P.C., Deer Park, NY (Allen Goldberg of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho, NY (Andrew Zajac of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered August 8, 2017. The order denied the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against the defendants Pathmark Stores, Inc., and the Great Atlantic & Pacific Tea Company, Inc., from the action insofar as asserted against the defendant Peterman Associates, Inc., and to restore the action to active status.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against the defendants Pathmark Stores, Inc., and the Great Atlantic & Pacific Tea Company, Inc., from the action insofar as asserted against the defendant Peterman Associates, Inc., and to restore the action to active status is granted, subject to the preservation of the defendants' CPLR article 16 equitable share allocation rights.
The plaintiff allegedly sustained injuries when he slipped and fell on snow and/or ice in front of a supermarket owned and operated by the defendants Pathmark Stores, Inc., and the Great Atlantic & Pacific Tea Company, Inc. (hereinafter together the supermarket defendants). The plaintiff commenced this action to recover damages for personal injuries against the supermarket defendants and Peterman Associates, Inc. (hereinafter Peterman), a snow removal contractor. The supermarket defendants subsequently commenced chapter 11 bankruptcy proceedings, resulting in an automatic stay pursuant to 11 § USC 362(a) of the continuation of any action or proceeding against them. Thereafter, the plaintiff moved pursuant to CPLR 603 to sever the action insofar as asserted against the supermarket defendants from the action insofar as asserted against Peterman, and to restore the action to active status. Peterman opposed the motion. The Supreme Court denied the motion, and the plaintiff appeals.
The supermarket defendants filed for chapter 11 bankruptcy relief, resulting in an automatic stay pursuant to 11 USC § 362(a). However, the automatic stay provisions of 11 USC § 362(a) did not extend to the nonbankrupt Peterman (see Vasquez v New York City Health & Hosps. Corp., 100 AD3d 868, 869-870; Rosenbaum v Dane & Murphy, 189 AD2d 760, 761; see also [*2]Golden v Moscowitz, 194 AD2d 385, 385). "Generally, the balance of the equities lies with plaintiff[ ] when severance is sought because the case against one defendant is stayed pursuant to 11 USC § 362(a), and that is particularly so in this personal injury action where a delay would be prejudicial to the plaintiff[ ]" (Katz v Mount Vernon Dialysis, LLC, 121 AD3d 856, 857; see Rapini v New Plan Excel Realty Trust, Inc., 8 AD3d 1013, 1014).
The supermarket defendants are subject to a $750,000 self-insured retention, which would make a lifting of the bankruptcy stay less likely. As the prejudice to the plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to Peterman, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 603 to sever the action insofar as asserted against the supermarket defendants from the action insofar as asserted against Peterman (see Katz v Mount Vernon Dialysis, LLC, 121 AD3d at 857; Vasquez v New York City Health & Hosps. Corp., 100 AD3d at 870; Moy v St. Vincent's Hosp. & Med. Ctr. of N.Y., 92 AD3d 651, 652), and to restore the action to active status. However, as Peterman correctly maintains, equity requires that the defendants have the benefit of their rights under CPLR article 16, such that if their culpability is 50% or less, their exposure for noneconomic damages should be limited proportionately to their share of fault (see CPLR 1601[1]; Moy v St. Vincent's Hosp. & Med. Ctr. of N.Y., 92 AD3d at 652; Kharmah v Metropolitan Chiropractic Ctr., 288 AD2d 94, 94-95).
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court