**Simmons v Gateway I TP4 Hous. Dev. Fund Co., Inc.**

2024 NY Slip Op 31752(U)

May 21, 2024

Supreme Court, New York County

Docket Number: Index No. 151541/2019

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**

*Justice*

PART            57M

-----------------------------------------------------------------------------X

EVELYN SIMMONS,

INDEX NO.        151541/2019

Plaintiff,

MOTION DATE      04/22/2024

- v -

MOTION SEQ. NO.      005

GATEWAY I TP4 HOUSING DEVELOPMENT FUND
COMPANY, INC.,GATEWAY I TP4 LLC,MANHATTAN
NORTH MANAGEMENT COMPANY, INC.,PEERLESS
PREMIER APPLIANCE CO., TAHL - PROPP EQUITIES
LLC,ROBERTSHAW CONTROLS COMPANY

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 125, 126, 127, 128

were read on this motion to/for                    SEVER ACTION                    .

## BACKGROUND

Plaintiff commenced this personal injury/product liability action seeking damages for

serious injuries suffered by Plaintiff as the result of an alleged defective and dangerous stove.

The summons and complaint were filed in February 2019.  Discovery in this action is now

alleged by Plaintiff to be complete.  However, on February 15, 2024, Robertshaw Controls

Company ("Shaw") notified the Court of its' filing for Chapter 11 bankruptcy in the United

States Bankruptcy Court for the Southern District of Texas.

Plaintiff, who has been pursuing this action for five years and is now eighty years old,

wishes to proceed to trial against the other defendants in this action, and now moves for an order

pursuant to CPLR § 3217(b), to discontinue Plaintiff's claims against Shaw; and pursuant to

CPLR § 407, to sever any remaining claims against Shaw from the within proceeding.

**151541/2019   SIMMONS, EVELYN vs. GATEWAY I TP4 HOUSING**
**Motion No.  005**

**Page 1 of 5**

1 of 5

[* 1]

On May 20, 2024, the motion was fully briefed, marked submitted and the Court reserved decision. The motion is granted for the reasons set forth below.

## DISCUSSION

Plaintiff filed the note of issue on March 28, 2024. On April 4, 2024, Plaintiff filed a motion for trial preference based on her age..

On April 16, 2024, Peerless Premier Appliance Co. ("Peerless") filed a letter requesting that the Court declare Plaintiff's filings a nullity alleging the bankruptcy notification filed by Shaw triggered an automatic stay pursuant to Chapter 11 bankruptcy laws. Peerless further requested that the Court mark the matter stayed pending motion practice by Plaintiff to lift the stay or sever Shaw from the case.

Plaintiff, at the Court's request, has voluntarily withdrawn her note of issue, certificate of readiness, and motion for trial preference pending the Court's decision on the within motion.

It is "well settled that "[t]he automatic stay provisions of the Federal bankruptcy laws ... do not extend to nonbankrupt codefendants."]. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Oxford Venture Partners*, LLC, 13 A.D.3d 89 (1st Dept. 2004).

Pursuant to CPLR 3217(b), the decision of whether to grant a motion to "voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court." *Wilmington Savings Fund Society, FSB v. Moore*, 220 A.D.3d 656, 656 – 57 (2nd Dep't 2023). "Ordinarily, a party cannot be compelled to litigate and, absent special circumstances, leave to discontinue a cause of action should be granted." *St. James Plaza v. Notey*, 166 A.D.2d 439, (N.Y. App. Div. 1990).

Peerless opposes the motion. No other defendants have submitted opposition.

**151541/2019  SIMMONS, EVELYN vs. GATEWAY I TP4 HOUSING**          **Page 2 of 5**
  **Motion No.  005**

[* 2]                                                      2 of 5

Peerless argues that the Court should deny Plaintiff's motion because allowing Plaintiff to discontinue her claims against Shaw and to sever Peerless' cross-claims against Shaw would unduly burden the Court and Peerless with duplicative litigation. Peerless also argues that it would be prejudiced in its ability to defend the action.

Peerless alleges that Shaw is a component supplier to Peerless, and that Shaw supplied the spark ignition module component which Plaintiff claims is at issue. While Peerless denies any liability for product defect, to the extent Peerless is found liable, Peerless seeks an allocation against Shaw for CPLR Article 16 purposes and also seeks contribution and/or indemnification from Shaw on its cross-claims.

"It has been generally held that the balance of the equities lies with plaintiffs when one defendant has received an automatic stay pursuant to 11 USC § 362(a) ... and codefendants request a stay of the entire action." *Moy v. St. Vincent's Hosp. & Med. Ctr. of New York*, 92 A.D.3d 651, 652 (2d Dep't 2012). The prejudice in having to wait for a trial pending lengthy bankruptcy proceedings is particularly pronounced for Plaintiffs who are advanced in age. *Katz v. Mount Vernon Dialysis*, LLC, 121 A.D.3d 856, 857 (2d Dep't 2014).

Given that discovery has been completed and the action is trial ready, requiring Plaintiff to wait the conclusion of a lengthy reorganization proceeding before having her day in court would severely prejudice the Plaintiff and possibly entirely rob her of a day in court. *Golden v. Moscowitz*, 194 A.D.2d 385, 385 (1st Dep't 1993); *Vogric v. Pathmark Stores, Inc*., 169 A.D.3d 1096, 1098 (2d Dep't 2019).

The motion is granted without prejudice to Peerless being permitted to seek an allocation as to Shaw's liability at the Simmons trial for CPLR Article 16 purposes. *Vogric v Pathmark Stores, Inc*., 169 A.D.3d 1096, 1098 (2d Dept. 2019)(*severing case but finding that defendants*

**151541/2019   SIMMONS, EVELYN vs. GATEWAY I TP4 HOUSING**
  **Motion No.  005**

**Page 3 of 5**

3 of 5

[* 3]

*maintain the benefit of their rights under CPLR article 16, such that if their culpability is 50% or less, their exposure for noneconomic damages should be limited proportionately to their share of fault).*

## CONCLUSION

WHEREFORE it is hereby:

ORDERED that Plaintiff's motion is granted and the action is discontinued as to defendant ROBERTSHAW CONTROLS COMPANY, and is continued and shall proceed to trial as to the remaining defendants; and it is further

ORDERED that any remaining claims against ROBERTSHAW CONTROLS COMPANY, including the cross-claims of PEERLESS PREMIER APPLIANCE CO are severed and shall be converted to a third party action; and it is further

ORDERED that the third-party action is stayed, except for an application to vacate or modify said stay; and it is further

ORDERED that either party to the third-party action may make an application by order to show cause to vacate or modify this stay upon the final determination of, or vacatur of the stay issued by the Bankruptcy Court, pending before the United States Bankruptcy Court for the Southern District of Texas, Action No. 24-90052; and it is further

ORDERED that movant is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office within ten days from entry and the Clerk shall mark the action discontinued as to ROBERTSHAW CONTROLS COMPANY, the crossclaims severed and converted to a third-party action and said third party action stayed as provided herein; and it is further

**151541/2019   SIMMONS, EVELYN vs. GATEWAY I TP4 HOUSING**
 **Motion No.  005**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)]; and it is further

ORDERED that the parties time to file dispositive motions is extended to 90 days from the date of this order.

This constitutes the decision and order of the Court.

20240521161248SBKRAUS2B07AEFE289D4EDBB870B652C0B810F1

| **5/21/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151541/2019   SIMMONS, EVELYN vs. GATEWAY I TP4 HOUSING**
**Motion No.  005**

**Page 5 of 5**

5 of 5

[* 5]