■ HELOUISE MAYNARD, Respondent, v GEORGE A. FULLER COMPANY, Defendant, and TRI-STATE CONSTRUCTION INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. (And a Second Third-Party Action.) [653 NYS2d 349] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about April 24, 1996, which, *inter alia*, denied the motions of defendants and third-party defendants to strike plaintiff's note of issue and certificate of readiness, unanimously affirmed, with costs.

The automatic stay provisions of the Federal bankruptcy laws apply only to the parties in the adversary proceeding in Bankruptcy Court and do not extend to nonbankrupt codefendants. As none of the parties in the instant matter is the same as the party in the adversary proceeding in Bankruptcy Court, the automatic stay provisions are inapplicable (see, *CenTrust Servs. v Guterman*, 160 AD2d 416). In light of the procedural history of this case, the motion court properly exercised its discretion in setting the subject discovery schedule, while refusing to strike plaintiff's note of issue. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.