**In re Vivian E. JAMES, Debtor.**

**No. 98–17802 B.**

United States Bankruptcy Court,
W.D. New York.

Nov. 7, 2002.

Brendan C. Hand, Buffalo, NY, for Debtor.

Deily, Dautel & Mooney, LLP, Leigh A. Hoffman, of counsel, Albany, NY, for Americredit Financial Services, Inc.

CARL L. BUCKI, Bankruptcy Judge.

In this liquidation proceeding that was converted from chapter 13, the central issue is whether a lienor violated the discharge stay when it repossessed an automobile despite the lienor's receipt of payment in chapter 13 of its allowed secured claim with interest.

Vivian E. James, the debtor herein, filed a petition for relief under chapter 13 of the Bankruptcy Code on December 7, 1998.

In her schedules, Ms. James acknowledged ownership of one automobile, namely a 1995 Geo Prizm. She further stated that this car was subject to the security interest of Americredit Financial Services, Inc. ("Americredit"). Promptly after receiving notice of the bankruptcy filing, Americredit filed a proof of secured claim for an indebtedness of $8,196.53. At the first meeting of creditors, the trustee confirmed the validity of the security interest and computed a value of $6,602 for the automobile. To this calculation, neither the debtor nor Americredit objected. Pursuant to 11 U.S.C. §§ 1322(b)(2) and 1325, this court then confirmed a plan which modified the rights of Americredit, by allowing satisfaction of its secured claim through payment of $6,602 with interest. The plan treated the remaining balance of the car loan as a general unsecured obligation, to be paid at the rate of ten percent.

Following confirmation, Ms. James made plan payments until 2001, when she became unemployed. By this time, however, the trustee had satisfied the secured portion of Americredit's claim. Then, in March of 2002, the debtor voluntarily converted her case to chapter 7. After examining the debtor at the first meeting of creditors, the case trustee issued a report of no distribution, in which he stated "that there is no property available for distribution from the estate over and above that exempted by law." Meanwhile, no creditor objected to discharge. Accordingly, the court issued an Order of Discharge on June 13, and a final decree closing the case on June 28, 2002.

The debtor's attorney represents that on March 21 and May 29 of 2002, his office contacted Americredit to confirm full payment of the secured obligation and to request a release of lien. No such release was ever issued, and on July 17, 2002, Americredit seized the debtor's vehicle, presumably to recover the remaining balance of its claim. When Americredit refused a demand for the return of the automobile, Vivian James filed the present motion to hold Americredit in contempt of the Order of Discharge. This court then reopened the bankruptcy case on July 25, and at a hearing on July 29, ordered the car's return as an interim remedy. As to the debtor's request for further contempt penalties, the court invited the additional briefs that the parties have now submitted.

The filing of a bankruptcy petition creates an automatic stay, by reason of section 362(a) of the Bankruptcy Code. Pursuant to section 362(c)(2)(C), however, that stay terminates upon the granting of a discharge. In the stead of an automatic stay, a discharged debtor will thereafter enjoy the benefit of 11 U.S.C. § 524(a)(2), which states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

The debtor now contends that by reason of payments through the chapter 13 plan, the secured claim of Americredit was fully satisfied. Thus, in her view, the seizure of the automobile was an act not to enforce a security interest, but to collect a debt as a personal liability. As such, she sees the creditor's conduct as a violation of the discharge injunction of section 524(a)(2). Americredit responds that after conversion of the case to chapter 7, the debtor never made formal application to redeem the automobile from the outstanding lien of record. In Americredit's view, the lien passed unaffected through bankruptcy and could, therefore, be enforced against the car to recover the debt that was still outstanding at the closing of the case.

The argument of Americredit is fundamentally defective, for the reason that it assumes the continuing existence of a lien that has survived the conversion from chapter 13. Pursuant to the authority of 11 U.S.C. § 1325, this court has previously confirmed a plan which set the value of Americredit's allowed secured claim. Subsequent distributions under that plan are fully credited against the secured claim, to the effect that Americredit can assert no further debt that might be secured by its recorded lien. Clarifying this outcome were the 1994 Bankruptcy Code amendments, which added subdivision (f) to section 348. Part (1)(B) of this subdivision provides that except in instances of bad faith, "valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan." In the present instance, Americredit's allowed secured claim in the amount of $6,602 has been reduced to zero. With the secured claim having been paid in full, Americredit's seizure of the automobile can only be seen as an act to collect an unsecured obligation that was discharged in chapter 7. As such, this conduct constitutes a clear violation of the discharge injunction of 11 U.S.C. § 524(a)(2).

Following the direction of section 348(f), this court finds that Americredit's secured claim was fully satisfied and that its seizure of the automobile could not constitute an act of lien enforcement. Confirming this conclusion are the dictates of 11 U.S.C. § 506(d). Subject to exceptions that are not here relevant, this section provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." Through distributions under the chapter 13 plan, Americredit has received full payment of the allowed secured portion of its claim. Thus, the only claim of Americredit is the remaining unsecured balance. Because Americredit's lien secures only a balance that is not an allowed secured claim, that lien is void.

Americredit cites *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), for the proposition that lien stripping is not available under section 506(d). In that opinion, however, Justice Blackmun noted "the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations." 502 U.S. at 416, 112 S.Ct. 773. Accordingly, he cautioned that the decision would "focus upon the case before us and allow other facts to await their legal resolution on another day." 502 U.S. at 416–17, 112 S.Ct. 773. While this court honors the holding of *Dewsnup* as a standard applicable to its facts, that decision has no controlling relevance in the present instance. *Dewsnup* involved the request of a debtor in chapter 7 to modify a mortgage on the authority of section 506 alone. Here, the confirmed chapter 13 plan of Vivian James bifurcated the claim of Americredit into secured and unsecured components. Thus, the basis for lien stripping derived not from section 506(d), but from sections 1322(b)(2) and 1325. Having modified the lien pursuant to the confirmed plan in chapter 13, this court turns to section 506(d) not as authority for the "strip down," but as a standard of its consequences. That standard holds that when a creditor's only remaining claim is other than an allowed secured claim, that creditor's lien is void.

Section 722 of the Bankruptcy Code allows a debtor in chapter 7 to "redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 ... or has been abandoned under section 554 ..., by

paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." Americredit contends that Vivian James could have moved to redeem her vehicle for no consideration, and that due to her failure to seek this relief, the lien of Americredit survives. In this argument, Americredit misses the purpose of the discharge injunction under section 524(a)(2). When an allowed secured claim has a zero balance, redemption is an appropriate procedure to procure a record release of lien.[1] The debtor's failure to redeem is otherwise meaningless in the present context, for that failure cannot resurrect an allowed secured claim that no longer exists. Whether or not Ms. James would ever redeem her automobile, its seizure could not possibly effect recovery of a secured obligation, in as much as the allowed secured claim had been paid in full. Rather, Americredit's conduct could only recover a personal liability of the debtor, all in violation of the discharge injunction.

■ This court finds that Americredit has violated the discharge injunction of 11 U.S.C. § 524(a)(2), and that this violation was willful and without excuse. Subsequent to confirmation of the chapter 13 plan, Americredit received notice of the order setting the value of Americredit's secured claim and allowing the balance of its claim as unsecured. Then, after conversion of the case, the chapter 13 trustee sent to all creditors a copy of his case closing report, which showed a zero balance due on account of Americredit's secured claim. Further, the debtor's counsel wrote twice to Americredit, to request a release of the security interest that had been paid in full. With full awareness of the satisfaction of its security interest, Americredit nonetheless seized the debtor's vehicle. For this conduct, the court will hold Americredit in contempt.

■ Vivian James has presented no evidence of any persistent pattern of misconduct. For this reason, the court is unwilling to assess punitive damages. Nonetheless, appropriate damages should include the costs and expenses which Ms. James has incurred by reason of the respondent's conduct. The debtor's attorney has carefully documented that in responding to the seizure of his client's automobile, he performed legal services having a value of $1,688.94. Further, the debtor has estimated damages in the amount of $1,279, which represents the cost of alternative transportation and a fair reimbursement for her inconvenience. Finding these amounts to be reasonable, the court will award the requested damages of $2,967.94, which Americredit is directed to pay. Finally, as an additional award, Americredit is directed to file a release of lien with the Department of Motor Vehicles for the State of New York.

So ordered.

---

1. While appropriate, the procedure of redemption would seem to be unnecessary under New York law. *See* N.Y. Veh. & Traf. Law § 2121 (McKinney 1996).