■ UNITED AIRLINES, INC., Plaintiff, v OGDEN NEW YORK SERVICES, INC., et al., Defendants, and AMERICAN AIRLINES, INC., Appellant. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Nonparty Respondent. [761 NYS2d 16] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered February 21, 2002, which, inter alia, ordered certain document production but did not address defendant-appellant's cross motion to compel document production, unanimously modified, on the law, the facts and in the exercise of discretion, to remand to Supreme Court for the express disposition of defendant-appellant's cross motion, and otherwise affirmed, without costs.

In this consolidated action, defendant-appellant American Airlines seeks reimbursement and related declaratory relief regarding its expenses of investigating and remediating petroleum contamination from fuel facilities beneath two terminals at John F. Kennedy Airport, which is operated by the Port Authority pursuant to a lease with the City of New York. One of American's codefendants, a fuel service company, moved to compel nonparty respondent to produce documents relating to fuel storage, service and maintenance agreements, the causes of, investigation and remediation of petroleum contamination at the airport, and environmental conditions, cleanup and

construction activity in areas allegedly contaminated over the years by fuel spills. American cross-moved to compel respondent's production of the foregoing items and, in addition, documents relating to petroleum spillage at the airport and the lease, sublease and use of one of its terminals by other airlines.

On August 7, 2001, under the supervision of a special master, respondent stipulated to produce documents it deemed responsive, "in the interest of narrowing the issues in dispute," at the airport on September 11, 2001 and at its World Trade Center offices on September 12. The motions to compel were adjourned at that time. On September 10, respondent produced several boxes of documents at its World Trade Center offices, which were apparently destroyed before American had the opportunity to examine them; on September 11, it produced several boxes of documents at the airport, but apparently denied American access to them because of the tragic events of that day. Thereafter, American sought to have copies of the destroyed documents produced again, but respondent was reluctant to comply.

After further adjournments at respondent's request, owing ostensibly to the destruction of its World Trade Center offices and related problems, the motions to compel were finally submitted in January 2002. The motion court, upon the recommendation of the same special master who had supervised execution of the stipulation, directed, inter alia, that respondent provide copies of the documents that had been provided at the airport and search for and produce duplicates of the documents produced at the World Trade Center. The order did not address American's cross motion.

While it is settled that Supreme Court's broad discretion to supervise disclosure should not be disturbed absent an abuse of such discretion (see *Daniels v City of New York*, 291 AD2d 260 [2002]), it is unclear whether the motion court exercised its discretion at all with respect to American's cross motion. It is unclear whether, under the stipulation, the September 10 and 11 productions were intended to be preliminary only. Since the contents of the boxes produced by respondent are not specified, it is similarly unclear whether the items sought by American in its cross motion were, in fact, already produced.

We note that there has been a sufficient showing of necessity regarding the matters sought from nonparty respondent (see *Capati v Crunch Fitness Intl.*, 295 AD2d 181 [2002]; *Matter of New York County DES Litig.*, 171 AD2d 119, 123-124 [1991]), which respondent does not dispute. Contrary to respondent's contention, the bankruptcies of other parties, and the resulting

automatic stays, do not bar our resolution of this matter (*see Maynard v George A. Fuller Co.*, 236 AD2d 300 [1997]; *see also CenTrust Servs. v Guterman*, 160 AD2d 416, 418 [1990]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.