■ MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant, v OXFORD VENTURE PARTNERS, LLC, et al., Respondents, et al., Defendants. [786 NYS2d 161]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 18, 2003, which denied plaintiff's motion for a default judgment against defendants-respondents Oxford Venture Partners, LLC and Karim Rajani, unanimously reversed, on the law and the facts, without costs, the motion granted, and the matter remanded for further proceedings.

In October 2002, plaintiff commenced an action against respondents Oxford Venture Partners, LLC and Karim Rajani and defendants eClick MD, Inc. and Fidelity Transfer Company for negligent misrepresentation, unjust enrichment and breach of contract. Oxford and Rajani did not answer the summons and complaint, and in early May 2003 plaintiff moved for a default judgment against them. Oxford and Rajani did not submit answering papers. On May 30, 2003, judgment was entered, upon plaintiff's motion, discontinuing the action without prejudice against defendants eClick and Fidelity. Thereafter, by order dated June 17, 2003, the motion court denied plaintiff's motion for a default judgment against Oxford and Rajani and stayed the action "in view of the fact that the defendant, eClick, apparently filed a petition in bankruptcy."

We reverse. It is well settled that "[t]he automatic stay provisions of the Federal bankruptcy laws . . . do not extend to nonbankrupt codefendants" (*Maynard v George A. Fuller Co.*, 236 AD2d 300, 300 [1997]; *see also Golden v Moscowitz*, 194 AD2d 385 [1993]; *CenTrust Servs. Inc. v Guterman*, 160 AD2d 416 [1990]; 11 USC § 362 [a] [1]). While, under certain limited circumstances, an automatic stay may be extended to nondebtors (*see e.g. Teachers Ins. & Annuity Assn. of Am. v Butler*, 803 F2d 61 [1986]; *Thomson Kernaghan & Co. v Global Intellicom, Inc.*, 2000 WL 640653, 2000 US Dist LEXIS 6650 [SD NY 2000]; 11 USC § 105 [a]), the record is devoid of any evidence that such circumstances are present here. Therefore, this action may proceed against Oxford and Rajani (*see United Airlines, Inc. v Ogden N.Y. Servs. Inc.*, 305 AD2d 239 [2003]). Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.