10-733-bk
In re: Heating Oil Partners, LP

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges*.

---

IN RE: HEATING OIL PARTNERS, LP,
> *Debtor.*

---

CHURCH MUTUAL INSURANCE CO.,
> *Appellant,*

v.                                     10-733-bk

AMERICAN HOME ASSURANCE COMPANY,
> *Appellee.*

---

| | |
|---|---|
| FOR APPELLANT: | JAMES M. NUGENT, (James R. Winkel, *on the brief*), Harlow, Adams & Friedman, P.C., Milford, Connecticut. |
| FOR APPELLEE: | EDWARD M. KAY, (Don R. Sampen, *on the brief*), Clausen Miller, P.C., New York, New York. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Haight, *J.*) affirming the order of the United States Bankruptcy Court for the District of Connecticut (Shiff, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Appellant Church Mutual Insurance Co. ("Church") appeals from a judgment of the district court affirming the bankruptcy court's order declaring Church's default judgment entered in New Jersey Superior Court against Beacon Oil Company ("Beacon") and Beacon's successor in interest, debtor Heating Oil Partners, LP ("HOP"), void *ab initio*. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"On an appeal from the district court's affirmance of a bankruptcy court's order, we review the decision of the bankruptcy court independently, assessing its conclusions of law de novo and its factual findings for clear error." *In re Dana Corp.*, 574 F.3d 129, 144-45 (2d Cir. 2009).

A brief discussion of the proceedings below is warranted. The debtor's insurer, appellee American Home Assurance Co. ("AHA"), moved in bankruptcy court for an order declaring the New Jersey default judgment against Beacon and HOP void because it was entered in violation of the automatic stay triggered by the filing of HOP's Chapter 11 bankruptcy petition under 11 U.S.C. § 362, the confirmation order, and the discharge injunction under 11 U.S.C. § 524(a). The bankruptcy court declared that the default judgment was void *ab initio* because it was entered in violation of the section 524(a) discharge injunction and the confirmation order. On appeal, the district court affirmed, holding that the state court action and entry of the subsequent default judgment were in violation of the section 362 automatic stay and, therefore, were void *ab*

2

*initio*. According to the district court, AHA had standing to move for a declaration that the default judgment against the debtor was void because it was a "party in interest" to the bankruptcy proceeding as the debtor's liability insurer.

On appeal to this court, Church contests AHA's standing to bring a motion in the bankruptcy court seeking an order declaring the default judgment void. Church argues that AHA is a third-party and lacks standing to invoke the protections of the discharge injunction or the automatic stay provision.

The district court's holding with respect to standing is sound. 11 U.S.C. § 1109(b) states that "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under [Chapter 11]." Even so, section 1109(b) does not abrogate constitutional standing requirements—a party in interest must still demonstrate that it meets the general requirements of the standing doctrine, including whether it has alleged a personal stake in the outcome of the proceedings and whether it is asserting its own legal rights and remedies. *Etuk v. Slattery*, 936 F.2d 1433, 1440 (2d Cir. 1991) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)); *see also In re Quigley Co.*, 391 B.R. 695, 702-03 (Bankr. S.D.N.Y. 2008).

Turning to section 1109(b), we note that "'party in interest' is not defined in the [Bankruptcy] Code"; when interpreting the meaning of that phrase "we are governed by the Code's purposes." *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983); *see also In re Quigley*, 391 B.R. at 702; *In re Johns-Manville Corp.*, 36 B.R. 743, 747 (Bankr. S.D.N.Y. 1984). Whether a party qualifies as a "party in interest" is determined on a case-by-case basis, taking into consideration whether that party has a "sufficient stake" in the outcome of that proceeding, which can include having a pecuniary interest directly affected by the bankruptcy proceeding. *In re Stone Barn Manhattan, LLC*, 405 B.R. 68, 74 (Bankr. S.D.N.Y. 2009); *see also In re*

*Standard Insulations, Inc.*, 138 B.R. 947, 950 (Bankr. W.D. Mo. 1992) (concluding insurers exposed to claims against the debtor were "parties in interest" under section 1109(b)).

AHA's pecuniary interest here is the default judgment against Beacon and HOP, for which it will indemnify HOP in full or in part. Church does not dispute that its sole interest is to satisfy its claims against Beacon and HOP with the insurance coverage provided by AHA. AHA's motion has a direct impact on the enforceability of a $856,874.40 default judgment against the debtor, for which AHA will be held responsible to satisfy in whole or in part (depending on whether the $250,000 self-insured retention clause applies). Without a doubt, AHA, which has a personal stake in whether the default judgment is void, is a party in interest pursuant to section 1109(b).

The next issue on appeal is whether the default judgment violated the automatic stay provision that went into effect upon the filing of HOP's Chapter 11 petition. Notwithstanding the fact that the district court affirmed the bankruptcy court's order declaring the default judgment void *ab initio* on the ground that the New Jersey action proceeded in violation of the automatic stay provision, Church disputes whether this case involves a violation of the automatic stay provision at all and instead maintains that the default judgment is an undischarged claim because Church never received notice of the bar date for claims.

We disagree. 11 U.S.C. § 362(a) provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." The automatic stay provision is considered "'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Eastern Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting H.R. Rep. No. 95-

4

595, at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97). "The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citations omitted). The stay takes effect automatically and without the requirement of notice to affected parties; "[b]y its very terms, no action by any court is necessary for the stay to take effect." *In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992); *see also In re Marine Pollution Serv., Inc.*, 99 B.R. 210, 217 (Bankr. S.D.N.Y. 1989) ("[A]ctions taken in violation of the stay are void even where there is no actual notice of the existence of the stay."). The automatic stay remains in effect until the granting of a discharge injunction pursuant to 11 U.S.C. § 524(a). *See* 11 U.S.C. § 362(c)(2); *In re James*, 285 B.R. 114, 116 (Bankr. W.D.N.Y. 2002). Here, the discharge injunction did not take effect until the plan's effective date of August 6, 2006.

We conclude, first, that because HOP listed "Beacon Oil" as a name under which it was conducting business in its Chapter 11 petition, Beacon is a common entity with HOP so that the automatic stay applied to all actions against Beacon as well. Thus, Church's initial suit against Beacon violated that stay when the suit proceeded after the September 25, 2005 petition filing date. We further conclude, that when Church filed its amended complaint on June 29, 2006 to add HOP as a defendant (noting that HOP was a successor in interest to Beacon), that filing violated the automatic stay, rendering that proceeding and all subsequent actions, including the default judgment, in that case void and without vitality.

On appeal, Church has not confronted the issue of the automatic stay in any meaningful way, skipping right to its argument that its claim (the default judgment) was never discharged by the discharge injunction because it never received notice of the bankruptcy. That argument

5

presupposes, however, that Church *has a claim*. The effect of the automatic stay provision is to render that default judgment void *ab initio* because the suit commenced and/or continued while that stay was in effect. Church having no viable claim in hand, it is not necessary for us to reach the issues raised by Church with respect to the section 524 discharge injunction.

We have considered all of Church's remaining contentions on this appeal and have found them to be without merit. The judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6