■ MERCEDES GUEVARA, Respondent, v MIGUEL ORTEGA, Defendant, and CITY OF NEW YORK et al., Appellants, et al., Defendants. [26 NYS3d 12]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 9, 2014, which, to the extent appealed from as limited by the briefs, denied the amended motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the amended motion granted. The Clerk is directed to enter judgment accordingly.

The motion court improperly denied the City's motion for summary judgment. Plaintiff was injured when, while stopped in her car at a red light, defendant Miguel Ortega, a car wash attendant employed by defendant J&B of New York, LLC, the owner of defendant Fordham Car Wash, drove a New York City Police Department traffic van into her vehicle. Contrary to plaintiff's contention, plaintiff did not raise any triable issues of fact as to whether the City was negligent when its traffic enforcement agent allowed an unlicensed driver to drive the NYPD traffic van or whether that negligence was a proximate cause of the accident. Plaintiff has not shown that the agent failed to exercise that degree of care which a reasonably prudent person would have exercised under these circumstances by failing to ask the attendant if he had a driver's license. The keys were given to the attendant for the sole purpose of having the van washed. To impose an affirmative duty on a customer of a commercial car wash to investigate the driving qualifications of each employee who might operate his or her vehicle during the cleaning process would unduly extend liability. In any event, the attendant's isolated negligent act of slipping his foot off the brake pedal and onto the gas was the sole proximate cause of the accident.

The City is also not vicariously liable as the owner of the van pursuant to Vehicle and Traffic Law § 388 (1), which is designed to hold vehicle owners vicariously liable for the negligence of those whom they allow to drive their vehicles (*see Tikhonova v Ford Motor Co.*, 4 NY3d 621, 623 [2005]; *Carter v Travelers Ins. Co.*, 113 AD2d 178 [1st Dept 1985]). Vehicle and Traffic Law § 388 (2) specifically exempts "police vehicles," which are defined by Vehicle and Traffic Law § 132-a, in relevant part, as "[e]very vehicle owned by the state, a public authority, a county, town, city or village, *and operated* by the police department or law enforcement agency of such governmental unit" (emphasis added). Here, the result turns on the meaning of the word "operated" within the statute.

Plaintiff's argument that the NYPD traffic van does not qualify as a "police vehicle," because it was not being "operated by the police department" at the time of the accident, but, rather, was being "operated" by the car wash attendant, assumes that the term "operated" means "to cause to function" (Merriam-Webster Online Dictionary, operate [http://beta.merriam-webster.com/dictionary/operate]) or is a substitute for the word "driven." This ignores the common use of the term "operated" as an intransitive verb meaning "to exert power or influence" (*id.*). Under plaintiff's interpretation, a police vehicle would not qualify as such under Vehicle and Traffic Law § 132-a, unless it was being driven by "the police department," which strains common sense, since a police department cannot be the driver of a vehicle.

More importantly, plaintiff's interpretation would strip the exemption provided to police vehicles in Vehicle and Traffic Law § 388 (2) of its force and effect. Vehicle and Traffic Law § 388 specifically contemplates that someone, other than the vehicle's owner, is driving the vehicle when an injury occurs. If "police vehicles" are only exempted when an owner or owner equivalent is driving, there would be no need for the exemption in Vehicle and Traffic Law § 388 (2). This interpretation is untenable as it would render the police vehicle exemption in Vehicle and Traffic Law § 388 (2) meaningless (*Heard v Cuomo*, 80 NY2d 684, 689 [1993] ["Every part of a statute must be given meaning and effect, and the various parts of a statute must be construed so as to harmonize with one another" (citations omitted)]).

Moreover, recently, in *Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald* (25 NY3d 799 [2015]), the Court of Appeals extensively reviewed the legislative history of Insurance Law § 3420 and Vehicle and Traffic Law § 388 to determine whether police vehicles are "motor vehicles" subject to the requirement of carrying supplementary uninsured/underinsured motorist coverage. In doing so, the Court of Appeals reaffirmed the holding in *Matter of State Farm Mut. Auto. Ins. Co. v Amato* (72 NY2d 288, 295 [1988]) that police vehicles are not required to have uninsured motorist coverage. The Court specifically remarked that "New York ha[s] traditionally exempted police vehicles from statutes dealing with civil liability under the Vehicle and Traffic Law" (*Fitzgerald*, 25 NY3d at 818). Thus, under the specific facts of this case, the police vehicle here is exempt from civil liability. Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.