Joyner v City Carter Leasing Inc. (2022 NY Slip Op 06868)

Joyner v City Carter Leasing Inc.

2022 NY Slip Op 06868

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 22138/13E Appeal No. 16765 Case No. 2021-03617 

[*1]Eric Joyner, Plaintiff-Appellant,
v
City Carter Leasing Inc., et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Gregory Freedman of counsel), for appellant.
Mead Hecht Conklin & Gallagher, LLP, White Plains (Elizabeth M. Hecht of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia M. Gerez, J.), entered September 9, 2021, which granted defendants' motion to declare void all proceedings occurring on or after October 9, 2015, unanimously affirmed, without costs.
Defendant Leonardo Chacon filed a bankruptcy petition in federal court on October 9, 2015, and proceedings in this matter were stayed automatically as against him upon filing of that petition (11 USC § 362[a][1]). As a result, the proceedings held while the automatic stay was in effect — including a jury trial, the resulting verdict against defendants, and the entry of judgment — are void and without vitality as against Chacon (Rexnord Holdings, Inc. v Bidermann, 21 F3d 522, 527 [2d Cir 1994]; accord In re Heating Oil Partners, LP, 422 Fed Appx 15, 18 [2d Cir 2011]; Levant v National Car Rental, Inc., 33 AD3d 367, 368 [1st Dept 2006]). Although plaintiff seeks an equitable exception to the application of the automatic stay under these circumstances, no such exception is recognized by federal or state courts in this jurisdiction. Only the bankruptcy court can grant plaintiff the relief he requests — namely, annulment of the stay (11 USC § 362[d]; Levant, 33 AD3d at 368).
Likewise, Supreme Court properly voided the proceedings as against defendant City Carter Leasing Inc. Although one defendant's filing of a bankruptcy petition generally does not stay proceedings against nonbankrupt codefendants (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Oxford Venture Partners, LLC, 13 AD3d 89, 89 [1st Dept 2004]; Velez v Seymour Moslin Assoc., 278 AD2d 164, 165 [1st Dept 2000]), an exception is recognized when the bankrupt defendant is obliged to indemnify a nonbankrupt one (Branham v Loews Orpheum Theatre, 291 AD2d 356, 356 [1st Dept 2002]). Defendants' motion implicitly sought to extend the automatic stay to City Carter and this extension is warranted because, as no party disputes, City Carter is vicariously liable under Vehicle and Traffic Law § 388[1] for Chacon's negligence in driving City Carter's vehicle, and therefore could seek indemnification from him (see Guevara v Ortega, 136 AD3d 508, 509 [1st Dept 2016]; Branham v Loews Orpheum Theatre, 291 AD2d 356, 356 [1st Dept 2002]). At any rate, at this point in the litigation, it is nearly impossible to parse which proceedings were held against which defendant, and Supreme Court therefore had sufficient reason to vacate the proceedings as against City Carter in
the interests of substantial justice (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022